United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STARK DRIVE LLC, | Case No. 18-cv-04904-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| CHRISTIAN ADEL MICHAEL, et al., | Re: ECF No. 12 |
| Defendants. | |

The plaintiff is Stark Drive, LLC, a limited liability company registered in New Jersey with a principal place of business in Stockholm, Sweden.[1] The defendants are Mate.Bike International (registered in Denmark) and its founder, Christian Michael, a resident of Denmark.[2] Stark Drive and Mate both offer "almost identical" electronic bikes (called eBikes) on the Indiegogo platform and "were the only two campaigns on the Indiegogo Platform offering the particular model of eBike."[3] Indiegogo is a crowdfunding platform where "backers" can give a specified amount of

---

[1] Compl. – ECF No. 1 at 2 (¶ 4). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* (¶¶ 5–6).

[3] *Id.* at 3 (¶ 12).

ORDER – No. 18-cv-04904-LB

money and receive a "perk" — in this case, an eBike — in exchange.[4] Stark Drive alleges that Mr. Michael posted comments on Mate's Indiegogo's platform that disparaged Stark Drive's campaign and wrote a letter to Indiegogo complaining about Stark Drive's campaign.[5] Indiegogo processed the complaint under the Digital Millenium Copyright Act, terminated Stark Drive's crowdfunding campaign without notice, and refunded Stark Drive's crowdfunding donations (totaling $285,062) to the donors.[6] Stark Drive then sued the defendants, claiming (1) misrepresentation in violation of the DMCA, 17 U.S.C. § 512(f), (2) misuse of copyright in violation of the DMCA, (3) tortious interference with contract, in violation of California law, and (4) unlawful and unfair business acts in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.[7]

The defendants move to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The court grants the motion for the reasons given at the November 15, 2018 hearing and below.

First, the complaint has no facts establishing personal jurisdiction. It says only this about the defendants' contacts with the forum: "The Plaintiff is informed, believe[s] and thereon allege[s] that Defendants, and each of them, have sufficient contacts with this district generally, and in particular, with the events herein alleged, that each such Defendant is subject to the exercise of jurisdiction of this court . . . ."[8] This conclusion does not satisfy the plaintiff's burden to establish the court's personal jurisdiction over the defendants or the minimum contacts for personal jurisdiction over nonresident defendants. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

---

[4] *Id.* at 2 (¶ 7), 4–5 (¶¶ 15–20); *see* https://learn.indiegogo.com/how-it-works-crowdfunding/ (last accessed Nov. 17, 2018)

[5] Compl. – ECF No. 1 at 5 (¶¶ 21, 24).

[6] *Id.* at 5–6 (¶¶ 25–27)

[7] *Id.* at 7–11 (¶¶ 33–61).

[8] *Id.* at 3 (¶ 10).

In its opposition, Stark Drive proffers facts about the defendants, such as their transacting business in California over two years, resulting in $21 million in donations.[9] Jurisdictional facts can be established by declaration. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). But the paragraph that Stark Drive cites — in Oscar Stark's declaration — does not establish any business in California and instead cross-references an Indiegogo web page about disbursement of funds generally.[10] A different paragraph references $6.8 million in donations but does not show the basis for that fact.[11] The conclusory allegations in the Stark declaration do not establish jurisdiction. Stark Drive must allege facts specifically and submit accurate declarations that establish the facts.

Second, Stark Drive argues that Indiegogo's terms of service establish jurisdiction in the Northern District of California:[12]

> Indiegogo is based in San Francisco, California, so for any actions not subject to arbitration, you and Indiegogo agree to submit to the personal jurisdiction of a state court located in San Francisco, CA or the United States District Court for the Northern District of California. The Terms and the relationship between you and Indiegogo shall be governed in all respects by the laws of the State of California, without regard to its conflict of law provisions.[13]

Under its plain terms, the provision applies only to disputes between Indiegogo and an Indiegogo user. It does not establish jurisdiction over disputes between two Indiegogo users such as the parties.

Third, the defendants contend — in support of their jurisdictional argument — that there is no federal claim under the DCMA.[14] In its opposition, Stark Drive relied on Federal Rule of Civil Procedure 4(k)(2) — the federal long-arm statute — to establish jurisdiction.[15] "The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors:" (1) the

---

[9] Opp. – ECF No. 16 at 17 (citing Stark Decl. – ECF No. 16-4 at 7 (¶ 29)).

[10] Stark Decl. – ECF No. at 7 (¶ 29)

[11] *Id.* at 8 (¶ 38).

[12] Compl. – ECF No. 1 at 3 (¶ 11); Opp. – ECF No. 16 at 11–14.

[13] Stark Decl. (Ex. 3) – ECF No. 16-2 at 41.

[14] Reply – ECF No. 19 at 6–7.

[15] Opp. – ECF No. 16 at 8–9 (¶¶ 31–33).

claim against the defendants arises under federal law; (2) the defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (3) exercising jurisdiction comports with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2005); *see* Fed. R. Civ. P. 4(k)(2). The defendants point out that the February 23, 2017 letter — sent by the defendants' Danish attorney to Indiegogo and the basis for this lawsuit— is not a DMCA complaint.[16] This affects not only the analysis of personal jurisdiction but also the court's subject-matter jurisdiction. Without a federal claim, the court lacks subject-matter jurisdiction over the case and personal jurisdiction under Rule 4(k)(2).

The court dismisses the complaint without prejudice and with leave to amend. In any amended complaint, Stark Drive must allege some facts that plausibly support personal jurisdiction. (If it can plead a federal claim, it can supplement the facts about personal jurisdiction in a declaration in response to a motion to dismiss or possibly through jurisdictional discovery.) The court cautions the plaintiff — as it did at the hearing — that it cannot state a federal claim by pleading around Mate's actual letter that the court in any event can consider under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005).

## CONCLUSION

The court dismisses the complaint with leave to amend. Stark Drive must file an amended complaint within 14 days. If it does not amend, this order will result in the dismissal of the case for lack of jurisdiction.

This disposes of ECF No. 12.

**IT IS SO ORDERED.**

Dated: November 20, 2018

LAUREL BEELER
United States Magistrate Judge

---

[16] Reply – ECF No. 19 at 5 (citing Compl. – ECF No. 1 at 5 (¶ 24) (referencing Mate's complaint to Indiegogo) and Ex. 25, Stark Decl. – ECF No. 16-4 at 38–45) (Mate's letter).

ORDER – No. 18-cv-04904-LB    4